UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT D. JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. TERRY R. STACH, and DEPUTY LANGERAK,<br><br>　　　　　　Defendants. | Case No. C07-369RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL |

　　This matter comes before the court on defendants' Motion for Summary Judgment (Dkt. 20). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion. For the reasons stated below, the motion should be granted and this matter should be dismissed.

　　The undersigned apologizes to the litigants and counsel in this case for the delay in resolving this motion. Court administrative issues prevented a prompt disposition.

## LEGAL STANDARD

　　Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not

simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

The court is mindful that plaintiff is *pro se* and is held to less strict standards than counsel. The court has, accordingly, considered this motion and the submissions presented in the light most favorable to the plaintiff.

A government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference to their serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)(*reversed on other grounds*). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Id.* Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 392, (9th Cir. 1988).

"The existence of an injury that a reasonable doctor or patient would find important and worthy of

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment." *McGuckin,* 974 F.2d at 1060.

## FACTS

Considering the evidence presented by both sides in the light most favorable to the plaintiff, the following facts are not in dispute: About 6:00 a.m. on December 25, 2006, the defendant Langerak, a jail guard, erroneously gave plaintiff, an inmate, the medication Atenolol, a blood pressure medication. Plaintiff should not have received Atenolol. Deputy Langerak soon discovered his error and advised plaintiff and his supervisor, Sergeant Stach, of the error. No nurses were on site because it was Christmas. Sergeant Stach contacted a jail nurse by telephone. The nurse advised Sergeant Stach to monitor Mr. Jackson, check his vital signs, and observe him. She advised Sergeant Stach that if Mr. Jackson began sweating or shaking. he should be taken to a hospital emergency room

Plaintiff claims that about 20 minutes after taking the medication (around 6:20 a.m.), he "felt lightheaded and wanted to lay down." Shortly after that, Deputy Langerak told Mr. Jackson of his mistake and indicated he would call his sergeant. Plaintiff claims that he "laid down," "was overcome by a unconsciousness," and then "began to receive chest pains and center back pains, became short of breath and then pushed the jail emergency button." Mr. Jackson explained his symptoms to a responding officer, who took Mr. Jackson downstairs to see the sergeant. He repeated his symptoms to the sergeant and asked for medical attention. He claims that he never saw medical staff but sat in a room on the first floor, in pain and making complaints, until 1:00 p.m. He claims he was pulled out of the room at about 1:00 p.m. and then replaced in the room, still in pain. At some point after that, plaintiff asked to be returned to his cell so he could lie down, and he was returned to his cell. He claimed that he was still in pain after 5:30 p.m., and that he did not see a medical professional on Christmas Day. The room that Mr. Jackson was relocated to on the first floor was part of the "close observation floor." His blood pressure and pulse were checked "with no significant result." During the morning, plaintiff's blood pressure was periodically checked and showed no significant change. His appearance was checked during security checks every 30 minutes to see if he was either sweating or shaking; neither condition was observed, and he was not taken to the emergency room. These actions were in accord with the jail nurse's advice. At the time plaintiff

requested to go back to his cell on the third floor, he had shown no signs of either high or low blood pressure, or sweating or shaking, so he was transported back to his cell. No further complaints were brought to the jail's attention.

## DISCUSSION

A single, accidental, dose of the wrong medication does not amount to an unconstitutional deliberate indifference to a prisoner's serious medical needs, nor does monitoring a prisoner for symptoms following an erroneous medication dose amount to deliberate indifference in the absence of serious symptoms. In other words, medical malpractice in a jail does not become a constitutional violation in ordinary circumstances, and plaintiff's claimed reaction to the medication, while being monitored under a nurse's advice, but without displaying the serious symptoms warned against by the nurse, does not amount to deliberate indifference.

The events related above are no more than medical negligence and do not amount to an 8th Amendment violation or any deliberate indifference to any serious medical needs. It is interesting to note that in the last paragraph of Mr. Jackson's Second Amended Complaint (Dkt. 9), he requests "damages for pain and suffering, staff and medical negligence . . ." It appears that the regrettable events of Christmas Day 2006 amounted to negligence at most, and were without serious medical consequences or needs that required more than the observation that the plaintiff received.

Accordingly, defendants' Motion for Summary Judgment should be granted and this matter should be dismissed. Now, therefore it is

ORDERED that defendants' Motion for Summary Judgment (Dkt. 20) is GRANTED and this matter is DISMISSED with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of March, 2008.

ROBERT J. BRYAN
United States District Judge